FREDERICK BAUERNSCHMIDT ET AL. *vs.* MARGA-
RETHA BAUERNSCHMIDT.—M A R G A R E T H A
BAUERNSCHMIDT *vs.* FREDERICK BAUERN-
SCHMIDT ET ÀL.

*Allowance of Counsel Fee for Defending a Deed of Trust—Scope of Auditor's Account Under Decree for Administration of an Estate—Presumption as to Possession of Property from Failure so Testify—Ownership of all the Shares of Stock in a Family Corporation.*

It was held upon a former appeal in this case, where it appeared that a tenant for life of property with certain remainders over had conveyed the same to a trust company in trust for herself for life with other remainders over, that the conveyance was valid as to the life estate of the grantor and as to certain property belonging absolutely to her also conveyed by the deed, but that the conveyance was invalid as of the remainders attempted to be created and the cause was remanded for a new decree.   In the account stated under the new decree a fee was allowed to counsel for defending the deed of trust made by the life tenant to the trust company.   *Held*, that it was within the power of the Court to make an allowance to counsel for such services, and that the better course would be to allow the same from the income of any of the trust property, as the whole income goes to the life tenant, and thus leave the *corpus* of the estate to pass upon her death as directed by the will creating the life estate and by the deed of trust executed by the life tenant.

A bill was filed against the executrix of a will, who was also a life tenant under it, praying the Court to take jurisdiction over the administration of the estate and to vacate certain conveyances made by the life tenant and to treat the property thereby conveyed as part of the estate of the testator. Upon this bill a decree was made, after appeal to this Court, adjudging that a deed of trust by the executrix was valid in part only and that certain designated securities belonged to the estate of the testator. *Held,* that in the account to be stated under the new decree, passed by the lower Court on the remand of the case, the auditor is authorized to include any property shown to have belonged to the testator and to have come into the possession of his executrix, or any property with which she could be charged if the administration had not been transferred to a Court of equity, and that the new account should not be limited to property specifically mentioned in the first decree from which the appeal was taken.

It was proved that a testator had buried a certain amount of gold coin and that his executrix had come into possession of part of it after his death, the place of concealment having been known by her. *Held,* that the presumption is that she had possession of all of the gold, and she should be charged with all of it in the distribution of the estate, unless she testifies in the case and refutes the presumption.

The owner of a brewery transferred the property to a corporation and caused a few of the shares of stock to be put in the names of members of his family. Subsequently the brewery was sold and all the shares of stock so issued were transferred to the purchaser, with the assent of the shareholders, and the purchase price was paid in money and securities to the owner of the brewery. By his will this owner gave the residue of his estate to his wife for life with remainders to his children, and his wife was made executrix of the will. Upon a bill against her for an accounting and to supervise the administration of the estate, *held,* that securities purchased by the executrix with funds derived from a sale of property belonging to the testator, as well as the earnings of such property, are all part of the assets of the testator's estate and are to be accounted for in this proceeding.

When a man who is the real owner of all the property of a corporation, although a few of the shares stand on the books of the company in the names of members of his family, transfers the property of this corporation to another company chartered "to hold and operate certain property formerly owned by the" first-mentioned company, the real title and ownership of the property is not divested by such conveyance, but the corporation and the person owning all of its stock will be treated as identical.

Appeal from the Circuit Court No. 2, of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Edgar H. Gans* and *William S. Bryan, Jr.*, (with whom was *Louis P. Hennighausen* on the brief), for F. Bauernschmidt *et al.*

*Isidor Rayner* and *Thomas C. Weeks*, for Margaretha Bauernschmidt.

PEARCE, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court No. 2, of Baltimore City, ratifying Account A and rejecting Account B, filed by the auditor in the case of *Frederick and William Bauernschmidt* v. *Margaretha Bauernschmidt, Executrix of George Bauernschmidt, deceased, et al.*, which was before this Court at the January Term, 1903, and which is reported in 97 Md. 35, under the title, "*In re Bauernschmidt's Estate.*" It will facilitate the understanding and disposition of the questions involved here, to state as concisely as may be, the purpose and scope of the bill and the conclusions reached by the Court in the former case.

The bill prayed that a deed of trust from Margaretha Bauernschmidt to the Baltimore Guarantee and Trust Company, in so far as it sought to affect the plaintiffs' rights, should be annulled, and that Mrs. Bauernschmidt should be decreed to hold the securities mentioned in the deed, and the proceeds and income thereof, in her capacity as executrix of the estate of her husband; that a deed from her to the Baltimore Realty Company be annulled and declared of no effect, and that she be decreed to hold the mortgages mentioned therein, and the proceeds and income thereof in her said capacity as executrix; that an injunction be issued restraining the Baltimore Realty Company and the said Margaretha, as executrix from paying any assessment upon the stock or securities of the Maryland Brewing Company, and from certain other acts mentioned in the bill; that she be required to conduct the administration of said estate under the supervision

and control of Circuit Court No. 2, and be required to charge herself, as executrix, with all the stock of the Maryland Brewing Company of which her husband died possessed, and with the stock of the Baltimore Realty Company of which he died possessed, and which came into her possession, and with which she was not already charged; that John, Sarah, and Elizabeth Bauernschmidt, and Emily Wehr and Henry Wehr, her husband, may discover what certificates of stock are standing in their respective names, of which the beneficial interest, was in George Bauernschmidt at the time of his death; and for general relief.

The Circuit Court decreed, 1st, That the deed to the Baltimore Trust and Guarantee Company was null and void and that Mrs. Bauernschmidt should account before the auditor for all the securities and property mentioned therein, as part of the estate of George Bauernschmidt; 2nd, That her deed to the Baltimore Realty Company was null and void, and that she should account before the auditor, in like manner, for the mortgages mentioned therein and their proceeds; 3rd, That the alleged gift of securities in the Safe Deposit boxes mentioned in the bill, from George Bauernschmidt to himself and Mrs. Bauernschmidt as joint tenants, was ineffective for want of sufficient delivery, and that she account, in like manner, for said securities; and, 4th, That the case be referred to the auditor to state an account accordingly.

From that decree, the Baltimore Trust and Guarantee Company, and the other defendants took separate appeals.

Upon these appeals the decree of the Circuit Court No. 2, was affirmed in part and reversed in part. The first clause as stated herein, was reversed because it struck down the deed of trust as an entirety, and declared that all the securities embraced therein belonged to the estate of George Bauernschmidt.

The second clause, vacating the transfer of the mortgages to the Baltimore Realty Company, was affirmed.

The third clause declaring the gift of securities by George Bauernschmidt to be ineffectual, was affirmed.

The fourth clause referring the case to the auditor for an account in conformity with the decree of the Circuit Court was reversed, and the case was remanded for a new decree in accordance with that judgment, and the statement of an account in conformity with that opinion.

The Circuit Court thereupon passed a new decree accordingly, designating the securities which upon the appeal it had been held did pass absolutely under the deed of trust, and ratifying and confirming said deed as to those securities, and also as to all the other securities embraced therein so far as to authorize the holding thereof during the life of Mrs. Bauernschmidt, but requiring these last-mentioned securities to be accounted for by Mrs. Bauernschmidt before the auditor as part of the estate of her husband; the life interest therein to pass under said deed of trust, and the remainder interest therein to vest on her death as provided in her husband's will, and referring the case to the auditor to state an account accordingly. Testimony was taken before the auditor, who submitted Account A as representing his own views, and Account B representing the views of the counsel of Frederick and William Bauernschmidt. Exceptions were filed to Account A by Frederick and William Bauernschmidt, and to both accounts A and B by Mrs. Margaretha Bauernschmidt. Account A was ratified, and Account B was rejected, and both parties have appealed.

The exceptions of Frederick and William Bauernschmidt to Account A are as follows:

1st. To the fee allowed John N. Steele, Esq., for defending the deed of trust from Mrs. Bauernschmidt to the Baltimore Trust and Guarantee Company, upon the ground that it should have been allowed out of the income of the trust estate, and not out of the *corpus*, as allowed by the auditor.

2nd. Because it is alleged Mrs. Bauernschmidt should have been charged with $14,000 of gold mentioned in Frederick Bauernschmidt's testimony, instead of $4,000 as charged by the auditor, the exceptants contending that the whole amount is sufficiently traced to her possession.

3rd. Because in Account A, Mrs. Bauernschmidt is not charged with certain property conveyed by the George Bauernschmidt Brewing Company to the Baltimore Realty Company by deed dated March 1st, 1899, in the lifetime of George Bauernschmidt.

4th. Because Account A does not charge Mrs. Bauernschmidt with all the items with which she is charged in Account B, in addition to the items charged against her in Account A.

The exceptions of Mrs. Bauernschmidt to Account A are as follows: 1st. To the charge of $252,000 marked (*b*) in section 2 of said account, "upon the ground that the same is not authorized by the decree of the Circuit Court No. 2, nor by the provisions of the decree which the Court of Appeals directed the said Circuit Court to pass; because the question involved in said charge was not presented to the Circuit Court, nor to the Court of Appeals in any manner; was not involved in the testimony, nor covered by the decree of the Circuit Court, and was not within the province of the auditor to determine."

2nd. Because in stating Account A the auditor has exceeded the authority of the decree passed in the cause, and has not confined the items of the account to the matters passed on by the Court of Appeals.

The 3rd exception specifies the sum of $20,000, in section 4 of said account, being the value of 2,500 shares of Maryland Brewing Company's stock, as not within the operation of the decree of the Court of Appeals.

The 4th exception assails the charge of $4,000 in gold in sections 5 and 6 of said account on the same ground.

The 5th exception is to the fee allowed John N. Steele, Esq., as not within the terms of the decree, and not properly chargeable as costs against the estate.

Mrs. Bauernschmidt's exceptions to Account B, are:

1st. That the account is not in accordance with the decision of the Court of Appeals in the cause, and the decree of the Circuit in pursuance of that decision;

2nd. That there is nothing in the proceedings in this case,

nor in the opinion of the Court of Appeals, nor in the original or subsequent decree of the Circuit Court, that authorize the statement of an account embracing the items and charges therein contained.

These exceptions will be considered in the order in which they are here stated, except where certain of the exceptions from their nature must be considered together.

The first exception of Frederick and William Bauernschmidt, and the last exception of Mrs. Bauernschmidt to Account A, are to the fee of Mr. Steele, the latter contending that it is not within the terms of the decree, and not chargeable as costs against the trust estate, and the former not resisting its allowance, but contending that it should be allowed from the income, and not from the *corpus* of the trust estate.

The validity of the deed of trust was the main question in the former case, and involved the largest amount in controversy. It was directly passed upon by the Court, being sustained in part and stricken down in part. In *Hamilton* v. *Trundle*, 100 Md. 276, decided in this Court, January 13th, 1905, it was held that counsel fees were not costs, and if this fee were allowed as such, it would be error. But Mr. Steele's services were rendered in support of the deed of trust which was held to pass absolutely the particular securities shown to belong to Mrs. Bauernschmidt, but to pass only her life estate (after administration) in the remaining securities embraced therein, and we think it was clearly within the power of the Court, and the scope of the decree to make a proper allowance to Mr. Steele in the adjustment of all questions relating to the trust estate, and the securities in controversy. This allowance, perhaps, could be properly made, either from the *corpus* of the securities adjudged to belong to Mrs. Bauernschmidt, or from the income of the other securities in which she was adjudged to have only a life interest, but as the case must, for reasons hereafter stated, be remanded, we are of opinion that the better course is to allow it from the income of any of the securities, as the whole income goes to Mrs. Bauernschmidt. This will cast the burden of maintaining the

deed where it should rest, upon the maker, and will leave the *corpus* of both classes of securities to pass upon Mrs. Bauernschmidt's death, as prescribed respectively by her husband's will and her deed of trust, and we therefore direct that it be so allowed.

The second exception of Frederick and William Bauernschmidt to Account A, and the fourth additional exception of Mrs. Bauernschmidt to the same account relate to the $14,000 of gold buried by George Bauernschmidt in his lifetime, and will be disposed of together.   Frederick and William claim she should be charged with the whole $14,000, as is done in Account B, and she contends she cannot be properly charged with any part of the gold, while the auditor in Account A charges her with $4,000 only as representing the two sums of $2,000 found by him in the Safe Deposit boxes assigned by Mrs. Bauernschmidt respectively to Frederick and William, but which they refused to accept.   This exception also involves the consideration of Mrs. Bauernschmidt's 3rd and 4th exceptions to Account B, upon the ground already stated, that it is not warranted by any order or decree in the case. This contention stated in other words, is, that nothing can be included in any account in this case which was not specifically mentioned in the decree of the Circuit Court in the former case, and either specifically affirmed or reversed on the former appeal, without regard to whether the items so objected to, are in fact proper assets of George Bauernschmidt's personal estate, and this contention will be considered now as it applies to other items as well as to this gold.   The authority relied on for this contention is *Crapster* v. *Griffith*, 2 Bland, 24, and *Barnum* v. *Barnum*, 42 Md. 320, where it was said that a decree of the Court of Appeals sent to the Court of Chancery for execution there, cannot be revised or modified in any particular.   How narrow and illogical would be the application of that language to the present case, will appear by a brief reference to the two decrees of the Circuit Court, and the conclusions of this Court upon the former appeal.

Paragraphs A and B of JUDGE WICKES first decree sus-

tained, and paragraph C overruled certain exceptions to testimony, and these were affirmed.

Paragraph D declared the whole deed of trust to be void, and required all the securities mentioned therein to be accounted for as part of George Bauernschmidt's estate, and this was affirmed in part, and reversed in part in the manner before stated.

Paragraph E decreed Mrs. Bauernschmidt's assignment of mortgages to be void, and that these should be accounted for as part of said estate, and this was affirmed.

Paragraph F decreed the attempted gift of securities to be ineffectual, and this was also affirmed.

Paragraph G directed an account of the administration of George Bauernschmidt's estate in accordance with the directions of that decree, and this was reversed, in order that a new decree might be passed in accordance with the opinion of this Court and an account be stated in conformity with such new decree, and the new decree passed by JUDGE WICKES pursued these directions strictly.

The items in Account B to which this objection is urged are as follows:

1st. The additional charge of gold, amounting to................... $10,000
2nd. The fee-simple and leasehold properties and mortgages
    conveyed to the Baltimore Realty Co. by the Bauernschmidt
    Brewing Co. March 1st, 1899, valued at.............................. 100,000
3rd. Securities held by the Bauernschmidt Brewing Co. as an
    insurance fund and transferred by it to the Baltimore Realty
    Co......... ..........:.................................................. 72,500
4th. Securities on the Books of the Realty Co. since Mch. 1.
    1899 ................................,.................................... 626 75
5th. Securities purchased by the Balt. Realty Co. as an insur-
    ance fund ................................................................... 39,929 75
6th. Cash insurance fund transferred to the Realty Co............. 27,000

Aggregating......................................................... $250,056 50

in excess of the charges made in Account A, and none of which were specifically dealt with or mentioned in the decree of the Circuit Court, nor in the opinion of this Court on the former appeal, nor in the decree passed in the Circuit Court after the cause was remanded.

But it must be borne in mind that the bill in this case was not merely to set aside Mrs. Bauernschmidt's deed of trust of the securities mentioned therein, and her assignment of certain mortgages to the Realty Co., but also to compel her to conduct the administration of her husband's whole personal estate under the supervision of the Circuit Court, and that it specifically asked that she be required to charge herself as executrix with the *stock* of the Baltimore Realty Co. (which represents all its property of every description) and is itself personal property, and with all other personal property of George Bauernschmidt; and that both decrees of JUDGE WICKES required "an account of the administration of said estate," and that the order of JUDGE DOBLER subsequently passed upon the petition of the auditor for leave to take testimony "in order to enable him to state a full and accurate account of said estate," granted leave in express terms for that specific purpose.

We are of opinion therefore that the auditor had ample authority to include in the account to be stated, any personal property shown to have belonged to George Bauernschmidt at his death, and to have come into the possession of his executrix, or with which she could be chargeable if the administration had not been transferred to a Court of equity. It cannot be that we are required as a Court of equity, in order to gratify a technical rule of pleading, thus to prolong litigation and increase the costs of administration by resorting to a new or supplemental bill or petition to bring before the Court items which must be before it, before the full and accurate administration which has been ordered, can be made.

This disposes of all of Mrs. Bauernshmidt's exceptions to Account A, in so far as they charge that the auditor exceeded his authority in stating that account, and also of both her exceptions to Account B, on the same ground, leaving only for our consideration whether the items objected to constitute assets of the estate with which she should be charged.

Returning now to the gold in controversy, it appears from the testimony of Frederick Bauernschmidt, that George Bauernschmidt about 1895 buried $14,000 in gold under the

steps of his residence, and that its place of concealment was
known only to George, his wife, and his sister Sarah, and that
at the time he was testifying he had never seen the gold since
its burial, and did not know what had become of it.   It also
appears that when the auditor, under an agreement of the
parties hereto, opened the safe deposit boxes assigned by Mrs.
Bauernschmidt to Frederick and William respectively, but
which they had refused to accept, he found in each of these
boxes in addition to the securities which Mrs. Bauernschmidt
testified she placed there, and shown in Auditor's Exhibits 1
and 2, the sum of $2,000 in gold, viz., four packages contain-
ing each, 25 twenty-dollar gold coins.   It is stated in the
brief in behalf of Frederick and William that "this gold was
rusty and had indications of having been buried in the earth"
though we have found no testimony to that effect.   It was so
stated in a question by their counsel to Frederick Bauern-
schmidt, but in his answer there was no reference to that sub-
ject.

It does, however, appear, not only from Mrs. Bauern-
smidt's testimony, but from that of her children, that her
purpose was to equalize them in the securities and cash de-
posited for them in the six safe deposit boxes, not only in
amount, but in quality and kind, and that in seeking to effect
this purpose, she gave, as far as practicable, to each child an
equal amount of every description of the securities.   The
auditor found that the $4,000 in gold placed in two of these
boxes, was part of the buried gold which belonged to George
Bauernschmidt, and therefore charged Mrs. Bauernschmidt
with that sum; but thought the testimony *inconclusive* and
insufficient to prove that the residue of this gold ever came
into her possession. and therefore declined to charge her with
it.   It must be admitted that the testimony is not conclusive
of that fact, but it is not necessary it should be so.   It is suffi-
cient if it is clearly preponderating, and upon careful consid-
eration of the whole case we are of opinion that such is its
character and effect.   Possession of part of this gold, is in
itself, some evidence of possession of the whole, when it is

remembered that its place of concealment was disclosed to her by her husband, and that she is his executrix; and this presumption, or inference, is greatly strengthened by her failure to explain how this $4,000 came into her possession.    It was argued with force that her whole scheme of distribution would be abandoned if she gave $2,000 in gold to Frederick and William, and gave none to her other children.    It must be remembered too that Frederick and William were the only children who had antagonized their father's sale to the Maryland Brewing Co., and who were not in harmony with her plans.    If only $4,000 in gold came into her possession, the strong sense of justice, and fixed purpose of equal distribution which she evinced throughout, would have led her to give to each child a proportionate part of this $4,000, instead of giving all to the two who had refused to concur in their father's plans and wishes, or to accept anything from her as a gift.    The argument is further strengthened by the refusal of the other children to testify to the contents of their boxes.

But if possession of part is sufficient, under the circumstances of this case, to establish a presumption of possession of the whole, it is not necessary to show that her other children received a proportionate part.    Proof of possession of the whole, irrespective of its application, would require her to be charged with the whole.

In *Dawson* v. *Waltmeyer*, 91 Md. 333, the Court said: "His failure to testify in denial of a charge of something peculiarly within his own knowledge, carries with it the usual unfavorable presumption."    And to the same effect, in different situations, are *Hiss* v. *Weik*, 78 Md. 453; *Berger* v. *Bullock*, 85 Md. 443; *Keller* v. *Gill*, 92 Md. 195, and *Zimmerman* v. *Bitner*, 79 Md. 128.

As the case now stands, we think Mrs. Bauernschmidt should be charged with the whole $14,000, but as the case will be remanded, she will have an opportunity, if she desires it, to testify upon this point, and to refute, if she can, the presumption which she has allowed to be established against her.

Mrs. Bauernschmidt's first exception to Account A, is to

the charge of $252,000, being the amount of the securities purchased by her with the funds derived from the sale of the stock of the Maryland Brewing Company and cash received by her husband in his lifetime from the Maryland Brewing Co., which amount she divided among her six children. That this sum formed part of the assets of George Bauernschmidt's estate was expressly decided in 97 Md. p. 65, and as we have already said that she, is bound in this proceeding to account for all assets of the estate which came to her hands it follows that this item was properly charged in Account A.   Her third exception to Account A, is to the item of $20,000 representing the value of 2,500 shares of stock of the Maryland Brewing Co. of which she gave 500 shares to each of her three daughters, and placed 500 shares in the box of Frederick, and the same number in the box of William, the value of which shares was shown on the former appeal to have been $8 per share.   On that appeal, pp. 58 and 59 of the opinion, it was held that this stock, which was received by George Bauernschmidt himself as part payment for the Bauernschmidt Brewery Co.'s business and assets, belonged to himself in his lifetime, and constituted part of his estate.   It was therefore correctly charged in Account A.

Her fourth exception to Account A, is to the charge of $1,596, for 76 shares of the common stock and 76 shares of the preferred stock of the Maryland Brewing Company which was paid George Bauernschmidt for the interest of the Bauernschmidt Brewery Co. in the Brewers Exchange Building, which was afterwards sold at $5 and $16 per share respectively, and the proceeds paid to Mrs. Bauernschmidt.   This therefore was also a proper charge in Account A.

We come now to Mrs. Bauernschmidt's objection to the additional charges in Account B.

On the former appeal this Court said, on p. 60, that "the corporation which George Bauernschmidt formed, and took over this business, was obviously created for mere convenience" and that "the business of the George Bauernschmidt Co. was, in point of fact, the business of George Bauern-

schmidt;" and on p. 63, that "*George Bauernschmidt was the real substantial owner of everything which* stood in the name of the Bauernschmidt Brewery Co.," notwithstanding that he had voluntarily placed 10 shares of its stock in the name of each of his six children, for which they paid nothing.

In the application of the principle thus declared, to the additional charges made in Account B, and hereinbefore enumerated, is found the easy solution of all difficulty which might otherwise be supposed to exist; for as was said in the former appeal, when speaking of the securities purchased by Mrs. Bauernschmidt and distributed among her children, so it must be said of the items we are now considering, "it is not pretended that these investments were made with money which came from any other source than surplus profits of the company's business, and that business was, in point of fact, the business of George Bauernschmidt."

In the record of the former appeal, it appears from a resolution passed by the stockholders of the Baltimore Realty Co. on March 8th, 1899, that "this corporation had been created, among other purposes, *to hold and operate* certain property formerly owned by the George Bauernschmidt Brewing Co.," and as that property has been decided to be the sole property of George Bauernschmidt, his title was no more divested by the conveyance from the Bauernschmidt Brewing Co. to the Baltimore Realty Co., than it had been by his own original conveyance to the Bauernschmidt Brewing Co.   As was said in *Seymour* v. *Spring*, 144 N. Y. 340, "While the technical form of the transaction was a sale by the eleven to the corporation its substance was merely a change *in the manner of holding.* The sellers were the buyers. They sold as individuals and bought as a corporation and no one else had any interest in the question." Nor is it material that four of his children held five shares each of the stock merely to qualify them as corporators, and for which they paid nothing.   Every one of these additional items in Account B, was property formerly owned by the Bauernschmidt Brewing Co., or purchase with the proceeds of such property subsequently sold, or was de-

rived from the earnings of such property. The principle declared on the former appeal is sound in itself and is fully sustained by authority. In *Cook on Corporations*, 5 ed., sec. 317, referring to holding corporations, it is said, "Courts have power to ignore corporate existence, when necessary in order to circumvent a fraud."

In *Anthony* v. *American Glucose Co.*, 146 N. Y. 407, the Court said: "We have of late refused to be always and utterly trammeled by the logic derived from corporate existence, when it only serves to distort or hide the truth." And in *Seymour* v. *Spring*, *supra*, "The abstraction of the corporate entity should never be allowed to bar out and prevent the real and obvious truth." This principle was recognized and applied in a different situation in *Pott v. Schmucker*, 84 Md. 535, in which it was held that, "it was competent for a Court of equity to look back of the mere artificial and formal body corporate. * * * and to treat the corporation and the individual owning all its stock and assets as identical."

Our conclusion therefore is, that none of the exceptions to Account A can be sustained, and that all the additional charges in Account B are proper charges, and that Account A should be rejected and Account B be ratified,

No action having been taken by the Court below upon the petition filed for the removal of Mrs. Bauernschmidt as executrix that question is not before us for decision, but we are asked by the petitioners, in order to prevent a third appeal in this unfortunate litigation, to indicate what action it is competent for the Court below to take, when it shall come to act upon the petition.

We do not deem it prudent to anticipate this question, and therefore refrain from any expression of opinion as to the power of the Court in the premises; but we think it proper to say that so far as the petition and answer disclose, we perceive no sufficient ground for the exercise of any power possessed by the Court.

Mrs. Bauernschmidt's answer avers that "she is ready and willing whenever a final decision is reached in this case to

comply with and obey the orders and decrees of the Court," and we see no reason to doubt the truthfulness of this answer which is under oath.

It must not be overlooked that she is acting under the advice of counsel, and it must be presumed that she, as well as they, believed her to be within her legal rights in contesting the matters upon which we have now passed. It is due to her to say that while she is evidently a woman of strong will and determined purpose, we have found nothing in her conduct to impugn her honesty and integrity, and that we are constrained to the conclusion that she believed in what she attempted to do she was within the powers conferred by her husband's will, and that in this later appeal she has not designed to defy or disobey the decrees of the Court.

The order of the Court will be reversed and the cause be remanded for an order in conformity with this opinion.

> *Order reversed and cause remanded,*
> *costs in both appeals to be paid*
> *by Mrs. Bauernschmidt.*

(Decided March 23rd, 1905.)