# GEORGE K. McGAW *vs.* ACKER, MERRALL AND CONDIT CO.

*Liability of Managing Director to Corporation—Legal Expenses Made Necessary by Wrongful Act Recoverable as Part of the Damages—Instructions.*

If the managing director of a corporation could have obtained for it a renewal of its lease of certain premises occupied by it, and was requested to do so and should have done so, but instead of so doing takes a new lease thereof in his own name, and his subsequent assignment of the lease to the corporation is invalid because the lessors refuse their assent, he is liable to the corporation for the damage suffered by it in being compelled to pay a higher rent in order to obtain another lease of the premises.

In such event the corporation is also entitled to recover from him the necessary and reasonable costs and legal expenses incurred in procuring the new lease.

When a new lease of premises occupied by a corporation is obtained by its managing director in his own name, and there is no evidence to show that the lessor knew that the director should have taken the lease in the name of the corporation, a prayer instructing the jury that since a trust was created in favor of the corporation and it could have enforced an assignment of the lease, no injury was done to the corporation, is properly rejected.

When a defendant's wrongful act has involved the plaintiff in litigation with others, or placed him in such relation with others as makes it necessary to incur legal expense to protect his interests, such expense is to be regarded as a natural consequence of the wrongful act and may be recovered as a part of the damages in an action therefor.

*Decided June 30th, 1909.*

Appeal from the Superior Court of Baltimore City (NILES J.).

The following are the prayers referred to in the opinion of the Court:

*Plaintiff's 1st Prayer.*—That if the Court sitting as a jury find that the defendant was during the month of October, 1905, in the employ of the plaintiff as the general manager of its Baltimore branch, and was a director of the plaintiff corporation, and that the plaintiff corporation occupied the premises known as Nos. 220-222 North Charles street under the terms of a lease which expired on the 31st day of January, 1906; and the jury further find that on or about the 24th day of October, 1905, a notice was sent to the plaintiff to the effect that said lease would expire at the time aforesaid; and that thereupon the plaintiff corporation called upon the defendant to take up the matter of procuring a new lease, and it further find that the defendant took no notice of said communication, but had prior to the said 24th day of October, 1905, negotiated in his own name a lease for the premises. aforesaid, which lease was in fact executed on the 26th day of October, 1905, to take effect as of February 1st, 1906; and the jury further find that the defendant when requested to assign the said lease at first refused to do so, but under advice of counsel on or about the 6th day of December, 1905, assigned the said lease; and the jury further find that the said lease contained a provision that the assignment of the same by the lessee would not be valid without the written consent of the lessors; and the jury further find that the lessors declined to give their consent to said assignment, and required the plaintiff to pay a higher rent, which rent if the jury find the plaintiff was obliged to pay in order to retain possession of the said premises, then in that event the plaintiff is entitled to recover; provided the jury further find that the defendant could have procured the said lease in the name of the plaintiff at the time when he procured the same in his own name as aforesaid. (*Granted.*)

*Plaintiff's 2nd Prayer.*—If the jury find under the first prayer that the plaintiff is entitled to recover, then the measure of damages is the amount of increased rent, together with such costs as the plaintiff was put to in procuring the said new lease as aforesaid, provided said costs were reasonable and necessary. (*Granted.*)

*Plaintiff's 3rd Prayer.*—That if it find that the defendant, George K. McGaw, occupied the position of director and local manager in the City of Baltimore of the plaintiff, and it further find that the plaintiff occupied the premises Nos. 220-222 North Charles street under lease to the said McGaw, which terminated on the 1st day of January, 1906, and that on or about the 24th day of October, 1905, the plaintiff received notice that the said term would terminate as aforesaid, and that thereupon it notified said McGaw, and that the said McGaw, without notice to the plaintiff and without applying to the said trustees for renewal of the said lease or a new lease in the name of the plaintiff, applied to the trustees for a new lease for three years from the termination of the old lease in his own name, and obtained the lease dated October 26, 1905, offered in evidence, at the yearly rental of eight thousand dollars ($8,000.00), and that when requested to assign the same he at first declined, and subsequently, when advised by counsel, assigned the same to the plaintiff; that subsequently the plaintiff notified said McGaw that the trustees had refused to consent to said assignment, and had made a demand for a greater rent, and that the plaintiff notified the said McGaw of said demand and requested the said McGaw to aid it in procuring the consent of the trustees to the assignment of the lease made by McGaw to it, that the said McGaw declined to do so and made no effort; and the Court, acting as a jury, further find that if said McGaw had made such effort he could have procured the consent of the said trustees to said assignment, and that the plaintiff, in good faith and in order to save itself from the danger of an ejectment from said property, agreed to pay an additional sum of one thousand dollars ($1,000) per annum in excess of the

rent demanded in the lease to McGaw, then and in that event the plaintiff is entitled to recover from the said McGaw said excess of rent so agreed to be paid, together with such reasonable costs and expenses as the jury may find the plaintiff incurred in procuring a new lease of the said premises. (*Granted.*)

*Plaintiff's 4th Prayer.*—The plaintiff prays the Court to instruct the Court, sitting as a jury, that if it find that the defendant, George K. McGaw, occupied the position of local manager in the City of Baltimore of the plaintiff, and was a director of the company at the time he procured the lease in his own name on the 25th day of October, 1905, as set forth in the first prayer, if it so find; and it further find that under the facts as recited in said prayer, said McGaw assigned the lease to the plaintiff, and after the said assignment the said McGaw failed to make any effort whatever to secure or procure the consent of the lessors to said assignment, but on the contrary authorized Messrs. Warden and Hopper to use his name as a guarantor of an offer of a higher rent made by the said Warden and Hopper to the said trustees, if the jury so find, and that by reason of the said action on the part of the said McGaw the trustees, having the said higher offer guaranteed as aforesaid, declined to assent to the said assignment, but required the plaintiff to pay a higher rent, then in that event the plaintiff is entitled to recover. (*Granted.*)

*Defendant's 12th Prayer.*—That unless the Court, sitting as a jury, shall find from the evidence that damage was caused the plaintiff corporation by the defendant's taking the lease of the premises known as No. 220-222 North Charles street, in his own name, or by his failure to promptly assign said lease (if the Court, sitting as a jury, shall find such failure), the verdict of the Court sitting as a jury should be for the defendant. (*Conceded.*)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, WORTHINGTON and HENRY, JJ.

*Frank Gosnell* and *Geo. Weems Williams,* for the appellant.

*John E. Semmes,* for the appellee.

BURKE, J., delivered the opinion of the Court.

By this appeal the pending case is brought .before us for the second time.   The first case is reported in *106 Md. 536.* The declaration in that suit contained two causes of action incorporated in one count.   It was alleged that the defendant had committed two breaches of duty which he owed to the plaintiff whereby in each instance it suffered loss.   This defect in the declaration was noticed in the opinion of this Court, and as the judgment was reversed and the case remanded, it was said that the declaration could be amended before the retrial of the case.   It was accordingly amended. The *narr.* in the present case contains three counts.   The first and second counts declare upon the two causes of action contained in the declaration in the former case, and the third count assigns a new ground of action.   Briefly stated, the causes of action relied upon in the respective counts of the *narr.* in this case are: First, that the defendant committed an actionable wrong in taking the lease in his own name when he could and should have taken it in the name of the plaintiff; secondly, that he refused to make any effort to procure the consent of the trustees to the assignment of the lease to the plaintiff, but permitted himself to be, used as a guarantor for an increased offer of rent for the premises made by Hopper and Warden; thirdly, that it was the duty of the defendant to aid the plaintiff in procuring the assent of the trustees to the assignment of the lease, and that he refused to aid them, whereby loss accrued to the plaintiff.   The first and second counts set out causes of action identical with those contained in the declaration which appeared in the record on the former appeal.

In the trial of that case the lower Court directed a verdict for the defendant upon the ground that there had been no evi-

dence offered legally sufficient to entitle the plaintiff to re-
cover.   We held that there *was* legally sufficient evidence to
support both causes of action upon which the plaintiff relied
in that case, which, as we have stated, are set out in the first
and second counts in the declaration appearing in this rec-
ord.   Upon the new trial the plaintiff recovered a judgment,
and the defendant has brought this appeal.   The record con-
tains no exceptions to the ruling of the Court upon questions
of evidence.

. At the close of the whole case the plaintiff offered seven
prayers, and the defendant fourteen for instructions.   The
defendant filed special exceptions to the plaintiff's first, third
and fourth prayers.   The Court overruled the special excep-
tions and granted the plaintiff's first, second, third and fourth
prayers, and rejected its fifth, sixth and seventh.   The de-
fendant's twelfth prayer was conceded, and all its other
prayers were refused.   He excepted to the ruling of the Court
upon his prayers and special exceptions, and this constitutes
the only exception before us.

The reporter will set out the plaintiff's granted prayers and
also the defendant's twelfth prayer.   The defendant's first,
second, third, fourth, sixth, eighth, thirteenth and fourteenth
prayers concluded in some instances against the right of the
plaintiff to recover and in others denies his right to recover
upon certain counts of the declaration.   They raised practic-
ally the same questions presented by the special exceptions
to the plaintiff's prayers.

The Court was asked by the defendant's fifth prayer to
tell the jury that inasmuch as the uncontradicted evidence .
showed that all relationship between the plaintiff and the de-
fendant terminated on the 8th of December, 1905, the de-
fendant was not liable for anything he did, or omitted to do
after that date.   This prayer was not supported by the evi-
dence, and was properly refused.   Mr. McGaw did not sever
his relation as a director of the plaintiff corporation until
January 13, 1906, and for any actionable breach of duty
committed by him as such director he was liable.   The de-

fendant by his seventh prayer asked the Court to rule as a matter of law that there was no evidence legally sufficient to show that when the defendant secured the lease in his own name he could have secured a similar lease for the plaintiff corporation at the same rental. This prayer was properly rejected for reasons which will be presently stated. His eleventh prayer asserts, but states no legal conclusion, that the uncontradicted evidence shows that the defendant was at no time authorized to take the lease of the premises in the name of the plaintiff corporation. While it is true the defendant was not *expressly* told to rent the premises and take the lease in the plaintiff's name, there is ample evidence from which a jury might have found that he had authority to do so. The prayer was not only indefinite and inconclusive, but was misleading, and it tended to divert attention from the real issues made by the pleadings. The evidence produced in support of the plaintiff's case is substantially the same as that contained in the record on the former appeal. It is in no essential particular different. Assuming that the Court was right in rejecting the defendant's ninth and tenth prayers, a reference to the statement of facts contained in the opinion in the former case and to the conclusion reached by the Court is sufficient to show that the trial Judge committed no error in granting the plaintiff's first and fourth prayers. Those prayers are based upon the first and second counts of the amended declaration which set up the precise causes of action alleged in the *narr.* in the former case, and we there said that the evidence was legally sufficient to be submitted to a jury in support of both causes of action. We, therefore, hold that the decision in the former case is conclusive of all questions raised by the special exceptions and prayers of the defendant to take the case from the jury for lack of legally sufficient evidence to support either of these counts.

The evidence produced on behalf of the defendant on the retrial of the case consisted of that of Mr. McGaw, Frank W. Hopper, and certain extracts from the minute book of the plaintiff corporation. We find nothing in this evidence to

induce us to hold that the principles announced in the former case should not be applied to this. It is fair to say that Mr. McGaw was not conscious of any intentional wrong doing, and that he believed he had a perfect right to do what he did do; but if the facts stated either in the first or fourth prayers of the plaintiff be true, he must be held liable for such loss as the plaintiff thereby incurred.

The plaintiff's second prayer is said to be objectionable, because it allows the recovery of such reasonable and necessary costs as the plaintiff was put to in procuring the new lease. These costs consisted of a counsel fee of two hundred and fifty dollars paid Mr. Steele, and certain expenses incurred by officials of the plaintiff company in procuring the leasehold title to the premises. The counsel fee and costs which the Court allowed the plaintiff to recover are not the counsel fees and costs involved in this litigation; but such only as were incurred in securing the new lease in its name after the defendant had, as alleged, wrongfully secured in his own name a lease of the property. These expenses were paid by the plaintiff and proven at the trial, and it is not denied that they were reasonable, and there seems to be no doubt that they were necessarily incurred.

The general rule is that costs and expenses of litigation, other than the usual and ordinary Court costs, are not re-coverable in an action for damages, nor are such costs even recoverable in a subsequent action; but where the wrongful acts of the defendant has involved the plaintiff in litigation with others, or placed him in such relations with others as make it necessary to incur expense to protect his interest, such costs and expense should be treated as the legal consequences of the original wrongful act. If the plaintiff's evidence be true, it was about to lose possession of the premises by the wrongful act of the defendant, and it was obliged to employ professional aid and incur expense to retain possession of the premises to which, as between itself and the defendant, it was entitled, and the necessary expenses it incurred to regain the possession is an element of the injury.

*Hadley* v. *Baxendale,* 9 Exch. 341; *Fustenberg* v. *Fawsett,* 61 Md. 191-2; *Kemp* v. *City Passenger Railway Company,* 61 Md. 75; *Webster* v. *Woolford,* 80 Md. 329; *Sutherland on Damages,* 2nd Ed., Vol. 1, sec. 58.

The other objection to this prayer is disposed of by what we have said in passing on the first prayer of the plaintiff.

It clearly appears that the defendant was not injured by the granting of the plaintiff's third prayer. That prayer is based upon the third count of the declaration, and it is shown that the verdict and judgment were entered under the first count, and that the Court would not have found for the plaintiff under either of the other counts. If, therefore, there were error in granting that prayer—and we are not to be understood as so deciding—it was not reversible error, as no harm whatever was done to the defendant, and this is likewise true of the asserted inconsistency between the defendant's twelfth prayer, which, being conceded, became the law of the case (*Gans Salvage Co.* v. *Byrnes,* 102 Md. 245), and the third and fourth granted prayers of the plaintiff.

The defendant's ninth prayer asked the Court to declare that upon the uncontradicted evidence in the case the trustees of the Estate of John and James Gregg participated in the defendant's wrongful act in securing the lease in his own name. It is argued that as the trustees, with full knowledge, participated in the defendant's violation of duty, a resulting trust was thereby created in favor of the plaintiff which it could have enforced against the trustees and Mr. McGaw, and, therefore, there was no necessity for the payment of the increased rent. The defendant's tenth prayer rests upon the same proposition. It may well be conceded that Mr. McGaw held the lease of October 26th, 1905, as trustee for the plaintiff, and that it could have compelled him to assign it; but the uncontradicted evidence does not show that the trustees knew that the defendant was violating his duty to the plaintiff at the time they executed the lease, or that they participated in any breach of duty which may have been committed by the defendant. On the contrary, it tends to show

that their conduct was in all respects fair and proper. There
is certainly nothing in the conduct of the trustees that would
authorize the Court to hold, as a matter of law, that the
defendant was thereby relieved of liability in this suit. We
find no reversible error in any of the rulings of the trial
Court, and the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*