RHODES HARDWOOD FLOORING COMPANY et al. *v.* BLUE RIDGE FLOORING COMPANY, INC.

[No. 233, September Term, 1960.]

*Decided April 12, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Henry A. Babcock,* with whom were *Walter L. Green* and
*Green & Babcock* on the brief, for appellants.

*J. Wilmer Cronin,* with whom was *Cary M. Euwer* on the
brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

In September, 1955, in the Circuit Court for Prince
George's County, Blue Ridge Flooring Company, Inc., sued
three non-resident lumber companies, Rhodes Flooring Com-
pany, Inc., Independence Hardwood Corporation, and Rhodes
Hardwood Flooring Corp. for $4,966.70, for the sales price of
lumber it had sold and delivered to them, or some of them,
at various times. At the same time, in an effort to bring the
defendants before the court, it caused a non-resident attach-
ment to be laid in the hands of the Lane Lumber Company
of Bladensburg. Rhodes Hardwood moved to quash the at-
tachment and for a summary judgment.

On March 9, 1956, Judge Digges entered a summary judg-
ment for Rhodes Hardwood in the short note case on the
strength of its affidavit that it was not in existence when
Blue Ridge sold lumber to Rhodes Flooring and Independ-
ence, and quashed the attachment against its property, some
$5,000 due it by Lane Lumber Company, the garnishee. On
the following May 14, Lane Lumber filed a petition alleg-
ing that Rhodes Flooring had demanded payment to it of

the $5,000, that it owed nothing to Rhodes Flooring, but did owe Rhodes Hardwood and that the motion to quash the attachment had been in favor of Rhodes Hardwood, as to the credits due it by Lane Lumber, and therefore that while Lane Lumber was anxious to pay over the money, it feared to do so in view of the conflicting claims of the two Rhodes corporations which, it understood, were under common control. On the strength of these allegations, Lane Lumber was ordered by the court to pay into the registry of the court the $5,000 in its hands, pursuant to the provisions of Code (1957), Art. 9, Sec. 14 (now Maryland Rule 1140 m 2). On July 13, Rhodes Hardwood filed a claimant's petition pursuant to Maryland Rule 1140 s (formerly Code (1957), Art. 9, Sec. 45), asserting that the $5,000 was owed it and it only. Blue Ridge in November, 1957, moved that the order of Judge Digges of March 9, 1956, "dismissing the attachment" be stricken, and the attachment reinstated. On May 2, 1958, Judge Marbury struck out the order of March 9, 1956, in favor of Rhodes Hardwood against Blue Ridge and granted a judgment of condemnation absolute for $5,000 in favor of Blue Ridge against Rhodes Hardwood. This Court reversed that action in *Rhodes Hardwood Flooring Company v. Blue Ridge Flooring Company, Inc.,* 218 Md. 329, and remanded the case for the entry of an order directing the clerk to pay unto Rhodes Hardwood the $5,000 in the registry of the court.

After remand, Rhodes Flooring and Independence filed pleas to the merits and Rhodes Hardwood, as claimant, moved the court to fix the damages it had suffered by reason of the wrongful attachment of its money, pursuant to the provisions of Maryland Rule 1140 s 1. Judge Marbury, sitting without a jury, entered a judgment for $4,966.70 in favor of Blue Ridge against Rhodes Flooring and Independence jointly, and held that the provisions of Maryland Rule 1140 s 1 were not applicable to Rhodes Hardwood, reading them as intended to protect only a stakeholder.[1]

---

1. No final judgment was then entered against Rhodes Hardwood but after the case had been argued here, final judgment was

Rhodes Flooring, Independence and Rhodes Hardwood all appealed. The first two claim that judgment could not have been properly entered against them jointly because each, if it owed anything, owed a part only. Rhodes Hardwood claims that it was entitled to its damages, including counsel fees it had paid to secure its money.

Blue Ridge says it is entitled to a joint judgment because it sued the two companies jointly, they were controlled by the same person and that they "interchanged orders, shipping instructions, and payments, to suit their convenience, to the confusion" of Blue Ridge. The record discloses that the corporations were separate and distinct, with different directors, officers, stockholders, offices and bank accounts. The bills filed with the original declaration set out two separate subtotals, one for $2,838.46 and the other for $2,128.24, or a total of $4,966.70, the amount sued for (and the amount of the joint judgment presently appealed from). Blue Ridge, at the trial, offered invoices and the testimony of its officers to the effect that the same amounts were due by the same corporations, respectively. There was no showing of fraud, transfer of corporate assets or the guarantee by either corporation of the amount due by the other. In short, there was no basis for disregarding the corporate entities or for the joint judgment. Judgment should have been entered against Rhodes Flooring for $2,838.46 and against Independence Hardwood for $2,128.24.

Blue Ridge argues that Rhodes Hardwood was an original defendant and, therefore, could not be a claimant, entitled to damages, under Maryland Rule 1140 s 1. We think the argument is untenable.

Rhodes Hardwood was given a judgment on the merits in 1956 and no appeal was taken from that judgment. It then was out of the case, except as a claimant to the $5,000 which had been attached. It came to this Court in the first appeal as a claimant and was awarded its $5,000. We think it was

entered and the parties agreed that the appeal should be refiled and decided on the briefs and argument on the point previously submitted.

entitled under Rule 1140 s 1 to whatever damages the law awards a claimant for the wrongful attachment of its property.

The measure of damages for wrongful attachment would seem to be, and has been held to be, the same whether sought in an action on a bond, in a common law action or by way of counterclaim. 7 C.J.S. *Attachment* Sec. 555, p. 680; annotation 65 A.L.R. 2d 1426, 1429. Rhodes Hardwood could have sued for its damages for wrongful attachment in a separate suit. *Moore v. Schultz,* 31 Md. 418; *Sterling v. Marine Bank of Crisfield,* 120 Md. 396. The remedy given by Code (1957), Art. 9, Sec. 45 (predecessor of the present rule) has been held to be cumulative, designed to prevent circuity of action, and not to be exclusive. *Turner v. Lytle,* 59 Md. 199, 204.[2] If Rhodes Hardwood were to be considered a defendant, it would seem it could have counterclaimed for its damages. Maryland Rule 313 (as read by this Court in *Kirchner v. Allied Contractors,* 213 Md. 31), particularly section f and Maryland Rule 314.

All but four or five states hold that counsel fees paid to vacate or dissolve a wrongful attachment (whether by a claimant or a defendant) are an element of damage which may be recovered, although so much of the fee as is attributable to defending the suit on the merits is not. McCormick, *Damages* (1935), Sec. 109, p. 387; 15 Am. Jur. *Damages* Sec. 143; 7 C.J.S. *Attachment* Sec. 560, p. 684; annotation, 65 A.L.R. 2d 1426, 1433. If, however, the defense on the merits was essential to the vacating of the attachment, as, for example, in a non-resident attachment regular on its face, many states hold that reasonable counsel fees paid to accomplish dissolution of the attachment by defending on the merits are an element of damage. See annotations in 65 A.L.R. 2d 1426,

---

2. The note of the Rules Committee says: "The practice prior to the enactment of the statutory source of section s, was for a claimant to personal property to be made a party in the attachment case. It is the intention of the Rules Committee to abolish this old method and adopt the newer and more speedy practice provided for in this section as the sole procedure for a claimant of property attached."

1436; 25 A.L.R. 579, 592; and 71 A.L.R. 1458, 1460; *Thropp v. Erb* (N. Y.), 174 N. E. 67, 69; *Reachi v. National Auto. & Cas. Ins. Co. of L. A.* (Cal. in Bank), 236 P. 2d 151, 154; *Moseley v. Fidelity & Deposit Co. of Maryland* (Idaho), 189 P. 862, 864.

This Court, however, has held flatly that counsel fees paid by a claimant to defend the property in the attachment suit are not recoverable damages. In *Corner v. Mackintosh,* 48 Md. 374, 390, a trustee under deed for the benefit of creditors intervened in an attachment proceeding on a judgment against his grantor, as a claimant of the property attached, and prevailed. The lower court granted counsel fees. On appeal, Judge Alvey said for the Court: "* * * counsel fees paid by the plaintiff in defending the property in the attachment suit are not proper to be allowed as damages in this action. It is true, there are cases to be found in other States in which such an allowance has been sanctioned; but we are not aware of any case in which such an allowance has been sanctioned by this court. The plaintiff was not bound to intervene in the attachment case as claimant of the property, though he had the option to do so; (*Richardson v. Hall,* 21 Md. 405;) and there would seem to be no well-founded reason for allowing such an element to enter into the estimate of damages in a case like the present."

The case was decided two years after the passage of Ch. 285 of the Acts of 1876 (Code (1957), Art. 9, Sec. 45), the predecessor of Maryland Rule 1140 s 1, but does not refer to the statute. *Turner v. Lytle, supra,* discusses the statute but does not define the damages that are recoverable. The statute merely permitted recovery in the same proceedings of whatever damages otherwise could have been recovered by a separate suit; it did not change the measure of damages. *McGaw v. Acker, Merrall & Condit Co.,* 111 Md. 153, 160, held that the expense of an attorney's fee was recoverable where the wrongful act of the defendant forced the plaintiff to engage in litigation with others but *Corner v. Mackintosh* was not mentioned. In *Rice v. Biltmore Apartments Co.,* 141 Md. 507, 516-517, a case which involved recovery of leased

property as in the *McGaw* case, the Court said: "Whatever may be the law elsewhere, it has long been the settled law of this State that, in the absence of some statutory provision, a successful litigant is not entitled to recover the fees paid by him to attorneys for prosecuting the litigation" citing, among other cases, *Corner v. Mackintosh.* Cf. *Harry's Thrifty Tavern, Inc. v. Pitarra,* 224 Md. 56, 63.

We think the Maryland rule is that counsel fees paid to vacate a wrongful attachment are not a recoverable element of damages. If the rule is unduly restrictive, the change should be made by the Legislature.

The views we take of the case require that the judgment against Rhodes Flooring and Independence Hardwood and the judgment denying damages to Rhodes Hardwood be reversed and judgment entered in favor of Blue Ridge for $2,838.46 against Rhodes Flooring and for $2,128.24 against Independence Hardwood, and the case remanded for the ascertaining and granting of damages suffered by Rhodes Hardwood for the wrongful attachment of credits due it.

> *Judgments reversed, with costs; judgment entered as of August 3, 1960, in favor of Blue Ridge Flooring Company, Inc., for $2,838.46 against Rhodes Flooring Company, Inc., and for $2,128.24 against Independence Hardwood Corp. Case remanded for further proceedings to determine damages recoverable by Rhodes Hardwood Flooring Company against Blue Ridge Flooring Company, Inc.*