MARNEY, Substituted Trustee *v.* STACK ET AL.

[No. 282, September Term, 1970.]

*Decided February 10, 1971.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Alan W. Margin,* with whom was *Hillel Abrams* on the brief, for appellant.

*Kurt Berlin* for appellees.

FINAN, J., delivered the opinion of the Court.

This appeal involves a dispute over the payment of attorneys' fees and the trustee's fee incurred by the appellant in her attempt to foreclose on a deed of trust, and the litigation which followed that attempt.

In June, 1964, the appellees (the Stacks) executed a note secured by a deed of trust which by mesne assignment came to be the property of Mrs. Ruth Torr, the present holder. There came a time when the Stacks were in default in payments on the note, and Mrs. Torr placed the note and the deed of trust in the hands of Rudolph D'Agaris, Esq. (D'Agaris) a member of the Maryland Bar and instructed him to substitute trustees and commence foreclosure proceedings. The appellant in the present suit (Jana Marney) was made the substituted trustee. Everything preliminary to a foreclosure sale was accomplished (including the hiring of an auctioneer for the purposes of conducting the sale) when the Stacks obtained an *ex parte* order enjoining Jana Marney from proceeding with the sale. D'Agaris was paid $350 for legal services rendered to that point, and Jana Marney retained the services of another attorney, Hillel Abrams, to represent her in the injunction proceedings.

After a hearing on the petition for injunctive relief, Judge Pugh, sitting as a chancellor in equity, dismissed the Stacks' petition and bill of complaint and assessed "costs" against them. The Stacks appealed to this Court. In order to stay any further proceedings, they executed a supersedeas bond, in which they bound themselves to pay "the indebtedness secured by the deed of trust" as

well as "all costs, interest and damages for delay" if their appeal was dismissed or Judge Pugh's order should be affirmed. We affirmed Judge Pugh's order in *Stack v. Marney*, 252 Md. 43, 248 A. 2d 880 (1969).

The Stacks confessed judgment in an amount which represented the principal and interest on the note and certain other costs, including a $350 attorney's fee for Hillel Abrams' representation of Jana Marney in the injunction proceedings before Judge Pugh. The appellant brought suit on the supersedeas bond, claiming that the appellees were also liable for the $350 fee paid to D'Agaris by Ruth Torr (for the work done preliminary to the foreclosure sale), $1,000 additional attorney fees to Hillel Abrams for his representation of Jana Marney in successfully resisting the first appeal, and the $50.95 trustee fee paid to Jana Marney under the terms of the deed of trust, which provided for one-half of the normal fee in the event that foreclosure proceedings were instituted, but the sale was not completed. On March 23, 1970, the trial court in Queen Anne's County (Turner, J.) denied any of the additional amounts claimed by Jana Marney, and she brings this appeal.

We are of the opinion that the lower court's ruling was correct. In this regard, it is important to note that the appellant brought suit *on the supersedeas bond*, and not on the deed of trust.

The deed of trust executed by the Stacks clearly states that they were to pay "all costs and expenses," including "reasonable counsel fees" incurred by the appellant "on account of any litigation at law or in equity" which would arise regarding the deed of trust, trust property, or the note secured by the deed of trust. However, Judge Pugh, in assessing costs in the original action to enjoin the foreclosure sale, did not allow anything other than a $350 fee to Hillel Abrams, and the appellant offered no objection to that ruling.

By the terms of the supersedeas bond executed by the appellees (to stay proceedings pending their appeal from

Judge Pugh's decision dismissing their petition and bill of complaint) they obligated themselves to pay "the indebtedness secured by the deed of trust" and any costs, interest, or damages arising from a delay should Judge Pugh's order be affirmed, as well as any costs, interest, or damages assessed by this Court on appeal.

Insofar as the claim for the $1,000 fee for Hillel Abrams' representation on the first appeal is concerned, it is clear that generally, in the absence of an express provision in the terms of the bond, there is no liability *on the supersedeas bond* for payment of an attorney's fee incurred by the appellee in defending an appeal. See 5B, C.J.S., *Appeal and Error*, § 2073; *Attorneys' Fees Paid by Appellee in Resisting Unsuccessful Appellate Review as Damages Recoverable on Appeal Bond,* 37 A.L.R.2d 525. Similarly, attorney's fees on appeal are not allowable *as costs,* unless authorized by a statute, or where special circumstances exist which are not present in the case at bar. *Erie Insurance v. Lane,* 246 Md. 55, 64-65, 227 A. 2d 231 (1967); *Harry's Tavern, Inc. v. Pitarra,* 224 Md. 56, 63, 166 A. 2d 908 (1961); *Hamilton v. Trundle,* 100 Md. 276, 278, 59 A. 719 (1905); 20 C.J.S., *Costs,* § 361.

However, the appellant contends that all the attorney's fees claimed, as well as the trustee's fee, were part of the "indebtedness secured" by the deed of trust, and are therefore payable under the terms of the supersedeas bond as part of the obligation undertaken to be paid according to the language of the bond. As a general rule, liability of the parties on an appeal bond is fixed by the terms and conditions of the bond itself. *Kvedera v. Mondravisky,* 149 Md. 374, 381, 131 A. 766 (1926). The supersedeas bond in the case at bar does not "incorporate" the terms of the deed of trust. As Judge Turner stated in his opinion in the court below:

> "The Court is also of the opinion that the deed of trust is not to be considered incorporated by reference in the supersedeas bond, as it is merely

referred to in the bond; the Court cannot say that when the bond was executed stating that the obligators were to pay the 'indebtedness secured by the deed of trust recorded July 1, 1964,' that the parties contemplated that attorneys' fees and trustees' fees were, or in what manner, they were considered at that time. Nor does the bond clearly state that the deed of trust is incorporated by reference therein. * * *."

It appears that the appellees, when they executed the supersedeas bond, obligated themselves to pay the indebtedness which was the subject of the deed of trust, as well as the costs assessed in the Circuit Court for Montgomery County, and any additional costs assessed against them by this Court should their appeal fail. They have done that, and to sustain the appellant's position would be to award her costs in excess of those awarded to her in the trial court by Judge Pugh, and from which decision she (as appellee) took no appeal. See *Stack v. Marney, supra.*

There is nothing in our view of the case which would remove it from the general rules stated above, and we therefore affirm the decision of the lower court.

*Judgment affirmed; appellant to pay costs.*