# LEONA FERRELL KROMM *v.* CARMELA G. KROMM

[No. 1118, September Term, 1975.]

*Decided June 7, 1976.*

The cause was argued before GILBERT and MENCHINE, JJ., and PHILIP M. FAIRBANKS, Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Johnson Bowie* and *Sara Ann Verplanck* for appellant.

*James G. Beach, Jr.,* with whom was *Wade P. Thomas, Jr.,* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

Carmela G. Kromm (appellee) filed an action at law in the Circuit Court for Baltimore County against Leona Ferrell Kromm (appellant) on November 9, 1973. Appellee at that

time was the former wife of Franklin Barnett Kromm, having divorced him in July, 1972. Appellant was his present wife, having married him in June, 1973.

The declaration alleged that Leona Ferrell Kromm "had sexual relations with, debauched and carnally knew the plaintiff's former husband Franklin Barnett Kromm, Sr. thereby causing irreparable damage to her marriage which culminated in divorce." Upon demand, appellee particularized her declaration by alleging that the sexual relations had occurred on June 19, June 20, June 29 and June 30, in 1971.

At trial a jury rendered a verdict in favor of the plaintiff appellee for $15,000.00. From the judgment thereafter extended the defendant appellant has appealed upon the following grounds:

1. That her demurrer to the declaration as particularized should have been sustained;
2. That the trial judge erroneously admitted evidence as to damages.

## The Demurrer

Appellant argues that only the husband of a marriage may maintain an action for criminal conversation.

The precise question has not been decided in Maryland. Early on, however, the Court of Appeals, in *Wolf v. Frank*, 92 Md. 138, 48 A. 132 (1900), sustained the right of a wife to maintain an action for alienation of affection, saying at 143 [134]:

> "Under our statute (section 5 of Art. 45 of the Code, as amended by Act of 1898, chap. 457), married women have the power 'to sue for the recovery, security or protection of their property, and *for torts committed against them, as fully as if they were unmarried.*' As it is applicable to this case, there would seem to be no room to doubt that the appellee can, in her own name, maintain this suit."

It is true, of course, that the tort of alienation of affection has been abolished in Maryland.[1] It has been directly held, however, that the torts of alienation of affection and criminal conversation are two different torts, and that the latter tort was wholly unaffected by the statute that abolished the former. *Di Blasio v. Kolodner*, 233 Md. 512, 197 A. 2d 245 (1964). Because of the close relationship between the former tort of alienation of affection and the existing tort of criminal conversation, *Di Blasio, supra*, at 517 [248], we conclude that the decision in *Wolf, supra*, compels the holding that the tort of criminal conversation may be maintained by the wife of the marriage. Such, plainly, is the weight of authority. 41 Am. Jur. 2d, Husband and Wife, § 476. Under the Married Women's Act,[2] the wife has been placed on the same footing as her husband with respect to her property and personal rights. *Sezzin v. Stark*, 187 Md. 241, 49 A. 2d 742 (1946).

The demurrer was properly overruled.

## Alleged Evidentiary Errors

The trial court, over objection, permitted introduction of evidence *by the appellee* that her former husband had withdrawn $2246.30 from a joint bank account on May 27, 1971. This withdrawal occurred *prior* to the time of the alleged criminal conversation. Thus, it cannot be said to have been the result of the tort complained of. Its admission into evidence at the instance of the plaintiff was error.

At argument, counsel for appellee suggested that if we concluded that the evidence was improperly admitted, the error is susceptible to correction by a deduction from the judgment. Such a course was followed by the Court of Appeals in *Metropolitan Auto Sales v. Koneski*, 252 Md. 145, 154, 249 A. 2d 141, 146 (1969), and by this Court in *Schweitzer v. Showell*, 19 Md. App. 537, 313 A. 2d 97 (1974). In the subject case, however, we cannot say that the

---

1. Maryland Code, Courts and Judicial Proceedings Article, § 5-301 a.
2. Maryland Code Article 45, § 5.

admission of the evidence did not have an inflationary effect upon the amount of damages awarded. In such circumstances the course suggested by counsel for the appellee is impermissible. *Brooks v. Fairman,* 253 Md. 471, 476, 252 A. 2d 865, 868 (1968).

It was also improper to admit, *at the instance of the appellee,* as an element of damages, the evidence relating to investigative, legal and moving costs. The fees had been paid by appellee for services in connection with investigation and prosecution of a divorce action. The appellee had claimed as damages also the costs of moving from the matrimonial home.

In *Empire Realty Co. v. Fleisher,* 269 Md. 278, 305 A. 2d 144 (1973), it was said at 285-86 [148]:

"The general rule is that, other than usual and ordinary court costs, the expenses of litigation — including legal fees incurred by the successful party — are not recoverable in an action for damages, *Freedman v. Seidler,* 233 Md. 39, 47, 194 A. 2d 778 (1963); *Harry's Tavern, Inc. v. Pitarra,* 224 Md. 56, 63, 166 A. 2d 908 (1961); *McGaw v. Acker, Merrall & C. Co.,* 111 Md. 153, 160, 73 A. 731 (1909); 1 Sedgwick, *Damages,* § 229 (9th ed. 1912). No attorney fee is ever included in the taxed costs, excepting the appearance fee, unless there is a special statute authorizing it, *Hamilton v. Trundle,* 100 Md. 276, 59 A. 719 (1905). And, in the absence of special circumstances, as where the parties to a contract agree on the payment of attorney's fees, *Webster v. People's Loan, Savings & Deposit Bank,* 160 Md. 57, 152 A. 815 (1931), or a statutory requirement, counsel fees are not a proper element of damages, *Freedman v. Seidler, supra; Rhodes Hardwood v. Blue Ridge,* 225 Md. 158, 169 A. 2d 399 (1961); *Harry's Tavern Inc. v. Pitarra, supra; cf. Marney v. Stack,* 261 Md. 78, 273 A. 2d 426 (1971).

It is true that the Court of Appeals had said in *McGaw v.*

*Acker Merrall & Condit Co.*, 111 Md. 153, 160, 73 A. 731, 734 (1909):

> "The general rule is that costs and expenses of litigation, other than the usual and ordinary Court costs, are not recoverable in an action for damages, nor are such costs even recoverable in a subsequent action; but where the wrongful acts of the defendant has involved the plaintiff in litigation with others, or placed him in such relations with others as make it necessary to incur expense to protect his interest, such costs and expense should be treated as the legal consequences of the original wrongful act. If the plaintiff's evidence be true, it was about to lose possession of the premises by the wrongful act of the defendant, and it was obliged to employ professional aid and incur expense to retain possession of the premises to which, as between itself and the defendant, it was entitled, and the *necessary expenses it incurred to regain the possession* is an element of the injury. (Emphasis supplied.)

The allowance of such expenses manifestly was grounded on the fact that the wrong there complained of had imposed a *necessary obligation* upon the plaintiff to institute the collateral action in order to *protect his interest in* and *to regain possession of,* property.

In the subject case, however, the monies claimed as damages had been expended in efforts to *terminate* the relationship between appellee and her former husband, *not to protect it.*

In *Fowler v. Benton*, 245 Md. 540, 226 A. 2d 556 (1967), cert. den., 389 U. S. 851, rehearing den., 389 U. S. 996, an action for damages for alleged fraudulent representation, the plaintiff had sought to recover as damages the costs of legal fees in litigation allegedly flowing from such representation. The Court of Appeals at 550 [563] said:

> "In order that expenses of so-called 'collateral litigation' be allowed as damages to a plaintiff,

'such expenses *must be the natural and proximate consequence of the injury complained of* and *must have been incurred necessarily* and in good faith and the amount thereof must be reasonable.' 25 C.J.S. *Damages* § 50. In our view the litigation expenses for which appellants claim reimbursement do not meet this test." (Emphasis supplied.)

The evidence was improperly admitted.

It appearing that the error below relates exclusively to the issue of damages, we shall affirm upon the issue of liability but remand for determination of damages.

> *Judgment affirmed as to liability, but reversed as to damages and case remanded to the Circuit Court for Baltimore County for a new trial on the question of damages.*
>
> *Appellant and appellee each to pay one-half of the costs.*