## ARCHWAY MOTORS, INC. *v.* WALTER F. HERMAN

[No. 389, September Term, 1978.]

*Decided December 8, 1978.*

The cause was argued before MORTON, THOMPSON and LISS, JJ.

*Charles F. Obrecht, Jr.,* with whom was *Melvin J. Sykes* on the brief, for appellant.

*Edward L. Zamarin,* with whom was *William R. Lenhard* on the brief, for appellee.

Liss, J., delivered the opinion of the Court.

This is the second go-around between the appellant, Archway Motors, Inc. and Walter F. Herman, appellee. The dispute arose out of a real estate sales contract between the parties in which Archway sold two parcels of land to Herman. The parcel involved in this dispute was improved by ninety-two brick garages. The facts in the case are fully explicated in *Archway Motors, Inc. v. Herman,* 37 Md. App. 674, 378 A. 2d 720 (1977), which came to our Court on appeal because of a refusal of the trial court below to grant Archway the remedy of specific performance. The total amount of the purchase price was less than $700, which obviously was not the justification for the filing of the bill of complaint for specific performance. The evidence showed that Herman failed to settle for the property at the stipulated time and no action was taken until Archway received a violation notice involving the condition of garages. That situation ultimately resulted in criminal charges being filed against the appellant. Archway defended on the ground that it was no longer the owner of the garages, but the District Court refused to accept that defense and entered a probation before judgment conditioned upon Archway making the repairs required by the violation notice. It was obvious to Archway that it would be saddled with an irksome and expensive situation unless it was able to secure specific performance of its contract with Herman. It filed a bill of complaint in the Circuit Court of Baltimore City in which it sought specific performance and damages flowing from the appellee's failure to settle as required by the contract. The trial court denied the relief sought and the case came to this Court in *Archway Motors, Inc. v. Herman, supra.* Judge Wilner, speaking for this Court, reversed, and we found that Archway was entitled to specific performance and, as ancillary relief to its remedy, was

entitled to be compensated by an award of ancillary monetary damages for its losses and expenses attributable to the appellee's delay in performance. The Court said:

It would seem clear, however, that Archway is entitled to the unpaid balance of the purchase price plus reimbursement for taxes on the property from and after March 4, 1975, the date of the contract, that it has paid, and the actual and reasonable expenses that it has incurred in order to comply with the order of the District Court. *Id.* at 688-89.

The case was therefore remanded to the Circuit Court of Baltimore City "for the purpose of (1) entering a proper decree of specific performance, and (2) determining the proper amount of ancillary monetary compensation and entering an appropriate order therefore."

In the trial upon remand, the chancellor (Perrott, J.) allowed the specific damages delineated in our opinion and, in addition, allowed the counsel fees expended by the appellant in the District Court case, but refused to allow the counsel fees of several thousand dollars expended by the appellant in its successful effort to secure specific performance and ancillary damages. The decree issued by the chancellor awarded $3,635.86 as ancillary monetary compensation, but specifically denied any compensation incurred and paid by Archway to prosecute the specific performance suit in the Circuit Court of Baltimore City, and the subsequent appeal to this Court. It is from this judgment that the appeal *sub judice* has been filed.

The sole issue to be decided in this appeal is whether the appellant is entitled to recovery from the appellee as ancillary monetary compensation the expenses of counsel fees incurred in prosecuting the specific performance action. Appellant urges that it was forced to institute the specific performance suit because of the criminal charges filed against it in the District Court arising out of the housing violation notices issued after the date of settlement, and that it should therefore be reimbursed for its legal fees.

In *Archway, supra,* Judge Wilner discussed the proper

measurement of the monetary compensation due in a case of this kind, where he said:

> In *Bernardini v. Stefanowicz Corp.,* 29 Md. App. 508 (1975), we quoted with at least tacit approval the following language from *Ellis v. Mihelis,* 384 P. 2d 7 (Cal. 1963):
>
>> "The compensation awarded as incident to a decree for specific performance is not for breach of contract and is therefore not legal damages. The complainant affirms the contract as being still in force and asks that it be performed. If the court orders it to be performed, the decree should as nearly as possible require performance in accordance with its terms. One of the terms is the date fixed by it for completion, and since that date is past, the court, in order to relate the performance back to it, gives the complainant credit for any losses occasioned by the delay and permits the defendant to offset such amounts as may be appropriate. The result is more like an accounting between the parties than like an assessment of damages."

The general rule governing the recovery of litigation expenses was stated by the Court of Appeals in *Empire Realty v. Fleisher,* 269 Md. 278, 285-86, 305 A. 2d 144 (1973), to be "that, other than usual and ordinary court costs, the expenses of litigation — including legal fees incurred by the successful party — are not recoverable in an action for damages." *Freedman v. Seidler,* 233 Md. 39, 47, 194 A. 2d 778 (1963); *Harry's Tavern, Inc. v. Pitarra,* 224 Md. 56, 63, 166 A. 2d 908 (1961); *McGaw v. Acker, Merrall & Condit Co.,* 111 Md. 153, 160, 73 A. 731 (1909); *Colonial Carpets v. Carpet Fair,* 36 Md. App. 583, 590, 374 A. 2d 419 (1977); *Kromm v. Kromm,* 31 Md. App. 635, 638-39, 358 A. 2d 247 (1976); *Certain-Teed Prod. v. Goslee Roof.,* 26 Md. App. 452, 480, 339 A. 2d 302 (1975). In the absence of a statutory requirement or a

contractual arrangement, *Mortgage Investors of Washington v. Citizens Bank & Trust Co. of Maryland,* 278 Md. 505, 366 A. 2d 47, *aff'g* 29 Md. App. 591, 349 A. 2d 647 (1976), or the application of Maryland Rule 604 b,[1] or in special circumstances, counsel fees are not an element of damages. *Webster v. People's Loan, Savings and Deposit Bank,* 160 Md. 57, 152 A. 815 (1931); *Freedman v. Seidler, supra; Harry's Tavern v. Pitarra, supra.*

Appellant urges that while it seeks reimbursement for its counsel fees, that it does so not for breach of contract but as ancillary monetary damages arising from the defendant's breach. Appellant concedes that there is no Maryland case in which a recovery of counsel fees was allowed on that legal theory and urges us to adopt it on the basis that "the Court [may] give such remedies as full and complete justice may require," *Miller v. Talbott,* 239 Md. 382, 393, 211 A. 2d 741 (1965); 2 Restatement of Contracts Section 384, comment d (1932). In the light of the numerous decisions as to the allowance of counsel fees that we have heretofore quoted, we decline to adopt the proposition that counsel fees are proper ancillary monetary damages in a specific performance suit.

However, there is another basis on which counsel fees might possibly be awarded, and that is the well recognized "collateral litigation" exception. That exception was discussed in *McGaw, supra,* at 160, where the Court of Appeals said:

> The general rule is that costs and expenses of litigation, other than the usual and ordinary Court costs, are not recoverable in an action for damages, nor are such costs even recoverable in a subsequent action; but where the wrongful acts of the defendant has involved the plaintiff in litigation with others, or

---

1. Maryland Rule 604 b provides that "in an action or part of an action if the court finds that any proceeding was had (1) in bad faith, (2) without substantial justification, or (3) for purposes of delay the court shall require the moving party to pay to the adverse party the amount of the costs thereof and the reasonable expenses incurred by the adverse party in opposing such proceeding including reasonable attorney's fees." Appellant has not contended that its expenditure of counsel fees should be reimbursed on the basis of this Rule.

placed him in such relation with others as make it necessary to incur expense to protect his interest, such costs and expense should be treated as the legal consequences of the original wrongful act. If the plaintiff's evidence be true, it was about to lose possession of the premises by the wrongful act of the defendant, and it was obliged to employ professional aid and incur expense to retain possession of the premises to which, as between itself and the defendant, it was entitled, and the necessary expenses it incurred to regain the possession is an element of the injury.

*See also Jarrett v. Scofield,* 200 Md. 641, 92 A. 2d 370 (1952).

It is noted that in *Kromm, supra,* we stated that "[t]he allowance [of counsel fees in *McGaw*] was grounded on the fact that the wrong there complained of had imposed *a necessary obligation* upon the plaintiff to institute the collateral action in order *to protect his interest in* and *to regain possession of, property."* 31 Md. App. at 639.

*McGaw, supra,* makes it clear that a claimant seeking counsel fees may prevail only when the wrongful acts of one of the parties to a contract has involved the claimant in litigation *with others* arising out of the contract. It was on that basis that the chancellor correctly allowed the recovery of counsel fees for appellant's defense to the criminal charges filed against it in the District Court. It does not follow, however, that the allowance of these counsel fees a fortiori requires the payment of counsel fees in the specific performance case.

We believe that it is obvious that the present case involves a specific performance dispute between Archway and Herman and that no counsel fees can be lawfully allowed to either litigant. The fact that the District Court judge elected to grant probation without verdict predicated on a determination of the actual ownership of the land on which the garages rested does not make the subsequent suit for specific performance a collateral litigation situation as would justify the assessment of counsel fees against either of the

parties. Essentially, this remained a dispute between the parties to the original sales agreement and did not involve a collateral attack against their rights under the contract *by others* as to warrant the allowance of counsel fees. We conclude that the case *sub judice* does not appropriately fall within the "collateral litigation" exception.

*Judgment affirmed; costs to be paid by appellant.*