466 A.2d 879

**Earl M. HARBIN t/a Erl-Jac's**

v.

**H.E.W.S., INC. et al.**

**No. 1895, Sept. Term, 1982.**

Court of Special Appeals of Maryland.

Oct. 17, 1983.

**74**

George E. Meng, Upper Marlboro, for appellant.

Samuel C. Steelman, Jr., Hyattsville, with whom were Nylen & Gilmore, Hyattsville, on the brief, for appellees.

Argued before WILNER, GARRITY and ALPERT, JJ.

ALPERT, Judge.

This appeal involves principles of res judicata, relaxation of its "identity of parties" rule, and their interplay with third-party practice. Applying the doctrine of res judicata

along with Maryland Rule 315 d 3,[1] we hold that the appellant's failure to assert his claims against the appellees when two of the three were impleaded as third-party defendants in a previous but similar cause of action bars him from litigating against all three in the present case.

## Facts and Proceedings

To understand the somewhat complicated facts of this consolidated appeal, we look back to July 1, 1964, when appellant, Earl M. Harbin, purchased a business located in Clinton, Maryland, called Charles Schultz & Sons. Appellant planned to maintain a grocery and freezer business on the premises. As part of the purchase, appellant agreed to lease the property from Guy L. Schultz, Mildred C. Schultz, his wife, and Aubrey E. Schultz and Emma T. Schultz, his wife. The operators of Charles Schultz & Sons had periodically used the parking area near the back part of the real property for storage of trucks. To continue a similar use of this land so that he could sell his wares in this area, appellant negotiated the following provision in his lease agreement:

> The lessors hereby grants [sic] to the lessees a non-exclusive right to use the parking area surrounding the leased premises, which consists of the portion of the lot paved with asphalt and an area the full width of the lot extending from the rear of the store building to a point 140 feet from the rear of said building.

> \* \* \* \* \* \*

> It is understood and agreed that the lease shall be binding upon the parties hereto, their heirs, executors, administrators and/or assigns.

---

1. Maryland Rule 315 d 3 states:
    The plaintiff may not assert against the third party in a separate action, instituted after the third party is impleaded, any claim which arises out of the transaction or occurrence that is the subject matter of his claim against the defendant in the pending action.

On July 19, 1972, the Schultzes transferred the property which was subject to the lease to H.E.W.S., Inc. (appellee). Upon this transfer, appellant paid his rent to the new lessor and they honored his non-exclusive right to the parking area.

On December 22, 1977, H.E.W.S., Inc. transferred to Clarisse L. Lavine (appellee) an undivided one-half interest in the property. On March 10, 1978, H.E.W.S., Inc. transferred an interest in the property to Edward W. Nylen and John D. Gilmore, Jr., Partners, D/B/A Metzerott Properties (appellee). That part of the property comprising the parking area was transferred to Safeway Stores, Inc. by deed by H.E.W.S., Inc., Lavine and Metzerott on February 15, 1979. As a result of this transaction, Safeway became the legal title holder of the parking area.

## CASE I

When Safeway began construction of its store, it built a parking lot and certain green areas which interfered with appellant's non-exclusive use of the parking area. On June 4, 1979, feeling aggrieved, appellant brought suit against Safeway for injunctive relief and damages based upon the wrongful interference with the possession and enjoyment of the leased property arising from Safeway's regrading and partial fencing of the parking lot. Safeway impleaded H.E.W.S., Inc. and Metzerott as third-party defendants. Appellant did not amend his complaint to include the third parties and sought relief only from Safeway. The trial judge (McCullough, J.) did not award appellant damages, finding them too speculative, but did order the fence and a small island removed from the parking lot. The third party action by Safeway against the landlord was settled and dismissed with prejudice. No appeal was taken.

## CASE II

On May 20, 1981, appellant brought suit against H.E.W.S., Inc., Metzerott and Clarisse Lavine for illegal eviction and wrongful interference with possession and enjoyment of the

property caused by the same regarding of the parking lot by Safeway—the subject of Case I. Pursuant to Maryland Rule 315 d 3, the trial judge (Rea, J.) dismissed H.E.W.S., Inc. and Metzerott from the case due to appellant's failure to assert his claim against them when Safeway brought its third-party claim in Case I. Appellant was not precluded from asserting his claim against Lavine; however, the court granted a motion *in limine* on principles of res judicata and collateral estoppel to prevent evidence of damages prior to July 1980 when the opinion in Case I was filed. Ultimately, Lavine's motion for a directed verdict was granted.

## CASE III

Apparently believing that the appellees' actions amounted to a partial eviction, appellant ceased paying rent in October, 1981. This resulted in the appellees filing suit for overdue rent in the District Court for Prince George's County. Appellant filed a counterclaim alleging Safeway's regrading of the parking lot entitled him to damages. Appellant's counterclaim requested a jury trial and the proceedings were transferred to the Circuit Court for Prince George's County. The trial judge (Rea, J.) granted appellees' motion for a directed verdict on the counterclaim and summary judgment for rent and repossession. Appellees received a final judgment in the amount of $10,649.66.

Appellant timely noted appeals from the final judgments in Class II and III. The cases have been consolidated for our consideration.

Appellant alleges six errors on the part of the trial judge. However, his primary contentions are that the trial court: (1) improperly granted the motion to dismiss H.E.W.S., Inc. and Metzerott under Maryland Rule 315 d 3 in Case II; and (2) wrongfully granted the motion to dismiss Lavine on grounds of collateral estoppel in Case II. Although application of the legal theory of collateral estoppel as to Lavine in Case II was inappropriate, we conclude that the trial judge did not err in granting either motion.

A. *Dismissal of H.E.W.S., Inc. and Metzerott Under Rule 315 d 3*

Maryland Rule 315 in general governs third party practice. Maryland Rule 315 d 3 more specifically provides:

The plaintiff may not assert against the third party in a separate action, instituted after the third party is impleaded, any claim which arises out of the transaction or occurrence that is the subject matter of his claim against the defendant in the pending action.

The purpose of Maryland Rule 315 in general and 315 d 3 in particular is to avoid circuity of legal actions and resolve disputed jural relationships arising out of the same matter in a single proceeding. *White v. Land Homes Corp.*, 251 Md. 603, 611, 248 A.2d 159 (1968). While the filing of counterclaims pursuant to Maryland Rule 314 is permissive, *World Wide Imported Cars Co., Ltd. v. Savings Bank of Baltimore*, 41 Md.App. 263, 272, 396 A.2d 547 (1979), Rule 315 d 3 is mandatory in effect. *See State Farm v. Briscoe*, 245 Md. 147, 152, 225 A.2d 270 (1966).

Pursuant to this rule, H.E.W.S., Inc. and Metzerott were dismissed from Case II because of appellant's failure to prosecute his claims against them in Case I against Safeway. When Safeway impleaded H.E.W.S., Inc. and Metzerott, Rule 315 d 3 required appellant to bring any claims arising from the same transaction or occurrence against the landlord. For whatever reasons, appellant decided to proceed solely against Safeway. This court is of the opinion that the facts appellant sought to litigate in Case II arose from the same transaction or occurrence which appellant litigated against Safeway in Case I.

Essentially, appellant complained in Case I about Safeway's changes to the character and nature of the parking lot as the result of certain regrading and fencing. In Case II appellant's claims were based on the same set of facts: the construction by Safeway of a store and the placement of green islands and a parking lot on the adjoining property. Appellant's protests to the contrary notwithstanding, the

fundamental facts of Case I continue to form the essence of the suit in Case II. In fact, in his Declaration in Case II appellant repeatedly refers to appellees' actions which led to his filing of Case I against Safeway.

The [appellees] knew that Safeway Stores, Inc. was to build a store which would in some respects compete with [appellant]; that they would build a parking lot and green areas that would cut off a portion of the [appellant's] non-exclusive use; and that the [appellant] would be damaged thereby.

As a result of the [appellees'] malicious acts representing to Safeway Stores, Inc. that the [appellant's] rights in the portion of the non-exclusive area would be terminated, Safeway Stores, Inc. did build a parking lot, store and green space, resulting in the filing of [Case I]. As a result of that suit, an Opinion and Order of the Court was signed July 9, 1980 enjoining Safeway Stores, Inc. to remove a green island, a fence and otherwise restore a portion of the property.

\*    \*    \*    \*    \*    \*

The action taken by the [appellees] has seriously damaged the [appellant's] business and said damage continued until the time of the injunction. As a result of the [appellees'] actions, the [appellant] has not received the full value for his rental payment and is entitled to a judgment for the reduction in rental value. Additionally, the action of the [appellees] resulted in the [appellant] having to file [Case I] to obtain an injunction against Safeway Stores, Inc. thereby causing the [appellant] attorney's fees and costs.

Under the circumstances presented, Rule 315 d 3 is controlling and the trial court properly applied it in dismissing H.E.W.S., Inc. and Metzerott from Case II.

B. *Dismissal of Lavine*

■ Because the trial judge should have characterized his reasons for dismissal of Lavine as being based on Maryland Rule 315 d 3 and res judicata rather than collateral estoppel,

before discussing the propriety of granting appellees' (specifically Lavine's) motion for a directed verdict in Case II, we consider the relationship between the doctrines of res judicata[2] and collateral estoppel. In its most recent discussion on this subject, the Court of Appeals stated:

[I]f a proceeding between parties involves the same cause of action as a previous proceeding between the same parties, the principle of res judicata applies in all matters actually litigated or that could have been litigated [and] are conclusive in the subsequent proceedings.... If a proceeding between the parties does not involve the same cause of action as a previous proceeding between the same parties, the principle of collateral estoppel applies, and only those facts or issues actually litigated in the previous action are conclusive in the subsequent proceedings.

*Mackall v. Zayre Corp.,* 293 Md. 221, 228, 443 A.2d 98 (1982) (citations omitted).

In *Klein v. Whitehead,* 40 Md.App. 1, 389 A.2d 374, *cert. denied,* 283 Md. 734 (1978), this Court articulated a "comparative checklist" for determining which, if either, doctrine applies. A threshold requirement for both doctrines is that the second action must be between the same parties or their privies. Res judicata applies where the two causes of action are the same. Collateral estoppel applies only to factual issues actually determined in the first action. *Id.* at 15, 389 A.2d 374.

### Are The Parties The Same?

In Case I, appellant sued Safeway, who impleaded H.E. W.S., Inc. and Metzerott. Lavine was not a party in Case I. In Case II appellant sued H.E.W.S., Inc., Metzerott and Lavine. H.E.W.S., Inc. and Metzerott were dismissed from Case II due to appellant's failure to assert its claims against

---

**2.** Rule 315 d 3 and the doctrine of res judicata share the common goal of putting an end to litigation by requiring litigants to bring all their claims in a single action.

them in Case I. Thus, the only new party in Case II was Lavine.

■ However, even a non-party to a previous action may assert res judicata where the cause of action is the same. *Klein v. Whitehead, id.,* is dispositive of this issue. In that case, Gerald S. Klein, trustee of bankrupt estate Charles H. and Doris L. Parsons, instituted suit against Lloyd O. Whitehead, Edgar C. Dryden and Ruth D. Dryden, his wife, and Purdue, Owrutsky & Whitehead for damages for alleged civil conspiracy and fraud. In December 1972, the Parsons, for the purpose of purchasing a restaurant business, borrowed substantial sums of money from the Drydens, secured by a variety of security devices. Unfortunately, the business failed and the Parsons defaulted on the loans. In March 1974, the Drydens turned the matter over to Whitehead, their attorney, and directed him to institute appropriate legal action. Foreclosure actions were instituted, went undefended, and as a result "the Parsons lost everything." In April 1975, the Parsons filed a voluntary petition for bankruptcy.

In January 1976, Klein filed suit against Whitehead, his law firm, and the Drydens. Whitehead's firm and Mrs. Dryden were dismissed preliminarily. The case against Whitehead and Mr. Dryden proceeded to trial. At the end of the trial the court concluded that Klein was barred from prosecuting the action by the doctrine of collateral estoppel and directed a verdict in favor of both defendants. From judgments in favor of the defendant, Klein appealed, but the judgments were affirmed. Addressing the issue of "identity of the parties," we stated at 40 Md.App. at 17–18, 389 A.2d 374:

> With respect to appellees, the Drydens, of course, were parties to the former proceedings, so an identity exists as to them. Neither Whitehead nor his firm were parties to the earlier actions, and therefore there is no identity as to them. However, with the relaxation in this requirement of identity of parties, as described in *MPC, Inc. v. Kenny* [279 Md. 29, 367 A.2d 486 (1977)] . . . the lack of identity

as to those persons would not serve to bar the application of estoppel by judgment if all other criteria are met. They may assert the bar of [res judicata] or collateral estoppel even though they were not parties to the prior proceedings.

Lavine's position in this case is similar to that of Whitehead's in *Klein.* Accordingly, she may successfully assert the bar of res judicata even though she was not joined as a third party defendant along with her co-titleholders, H.E. W.S., Inc. and Metzerott.

■ As explicated in our discussion of Maryland Rule 315 d 3, appellant was precluded from asserting his claim against H.E.W.S., Inc. and Metzerott because of his failure to prosecute his claim against them when Safeway brought its third-party action. Thus the rule, by prohibiting litigation of matters which could have been litigated in a previous proceeding against a third party, embodies that principle of res judicata that a judgment is conclusive not only as to matters litigated in the former action but as to all matters which might have been litigated then. By parity of reasoning, the relaxation of the rule of "identity of parties" as enunciated in *Whitehead, supra,* and *MPC, Inc. v. Kenny,* 279 Md. 29, 367 A.2d 486 (1977), applies with equal force to Lavine in the instant case.

### C. *Appellant's Counterclaim In Case III*

■ This is nothing more than a restatement of appellant's claims against H.E.W.S., Inc., Metzerott and Lavine in Case II. Thus, for the same reasons separately noted in Parts A and B of this opinion, this counterclaim is barred.

### D. *Appellant's Claim For Attorney's Fees*

■ The only new issue raised in Case II was appellant's allegation that appellees' acts cost him attorney's fees and costs. This allegation is likewise barred by res judicata. Assuming *arguendo* that this claim was legally cognizable, *see Archway Motors, Inc. v. Herman,* 41 Md.App. 40, 43–46,

394 A.2d 1228 (1978), *cert. denied* 284 Md. 751 (1979), it should have been brought in the prior litigation (Case I).

It is apparent to this Court that each of appellant's three declarations allege injury as a direct result of the regrading of the parking area. We believe the words used by the Court of Appeals in *Pat Perusse Realty v. Lingo,* 249 Md. 33, 45, 238 A.2d 100 (1968) cry out for application to this case:

Public policy against repetitive identical litigation, which underlies the rule of res judicata, applies here with logic and force to provide that [appellant's] rights were satisfied by having had [his] day in court on an issue, and that [he] is not entitled to another day in court against a particular defendant on that issue.

JUDGMENTS AFFIRMED; APPELLANT TO PAY THE COSTS.