**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAJESTIC DISTILLING COMPANY,
INCORPORATED,
Plaintiff-Appellee,

v.                                                              No. 98-2624

STANLEY STAWSKI DISTRIBUTING
COMPANY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-96-1486-CCB)

Argued: December 1, 1999

Decided: February 28, 2000

Before WIDENER and LUTTIG, Circuit Judges, and
Margaret B. SEYMOUR, United States District Judge
for the District of South Carolina,
sitting by designation.

_____

Affirmed by unpublished opinion. Judge Seymour wrote the opinion,
in which Judge Widener and Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** Michael S. Blazer, MICHAEL S. BLAZER, P.C., Chi-
cago, Illinois, for Appellant. Alan Michael Warshauer, WORMSER,

KIELY, GALEF & JACOBS, L.L.P., New York, New York, for Appellee. **ON BRIEF:** Heidi L. Levine, PIPER & MARBURY, L.L.P., Baltimore, Maryland, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

SEYMOUR, District Judge:

This appeal arises from an action in which Appellee Majestic Distilling Company ("Majestic") sought damages against Appellant Stanley Stawski Distribution Company ("Stawski") for fraudulent misrepresentation, negligent misrepresentation, contribution, and indemnification. We address three issues raised by Stawski on appeal: (1) whether the district court erred in its apportionment of damages attributable to Stawski; (2) whether the district court properly awarded attorney's fees and costs; and (3) whether the district court properly imposed a discovery sanction. Finding no error, we affirm.

I.

Majestic is a Maryland corporation that manufactures and sells alcoholic beverages. Stawski is an Illinois corporation that distributes alcoholic beverages. Stawski placed approximately sixteen orders for liquor that Majestic completed in twenty-seven shipments. Stawski represented to Majestic that the liquor was being purchased for exportation. As such, the shipments were not subject to excise taxes, and Majestic did not collect excise taxes from Stawski.

Subsequent to the sale, Stawski completed Bureau of Alcohol, Tobacco, and Firearms ("ATF") Forms 5100.11 with respect to the shipments and returned them to Majestic. These forms affirmed that the liquor had been shipped out of the country. However, it later was revealed that the forms bore fraudulent signatures and stamps.

2

The ATF investigated Majestic for the Stawski shipments, as well as shipments of four other purchasers, including fifty-two shipments to the St. Regis Mohawk Indian Reservation ("Indian Reservation"). In August 1995, the ATF billed Majestic $2,547,816.74 in overdue excise taxes and interest, of which $1,254,168.13 was attributable to the twenty-seven Stawski shipments. In April 1996, Majestic and the ATF agreed to a settlement of $200,000.

Majestic subsequently brought an action against Stawski for fraudulent misrepresentation, negligent misrepresentation, contribution, and indemnification. The district court granted Majestic summary judgment as to its claims of negligent misrepresentation and indemnification.

The district court thereupon held a hearing on damages, at which time it determined that Stawski should be liable for a portion of the $200,000 settlement. The district court reasoned that the $1,254,168.13 attributable to Stawski was 46% of Majestic's total tax liability of $2,715,838.74. Thus, Stawski was liable for 46% of the total tax liability of the $200,000 settlement, or $92,000.

The district court further determined that Stawski should be liable to Majestic for the costs Majestic incurred to protect its interests against the ATF because of Stawski's wrongdoing. After hearing testimony from Lee Shuman, current President and then Vice-President of Majestic, the district court found that Shuman had expended approximately 200 hours of his time at a value of $60.57 per hour to oversee Majestic's response to the ATF investigation. The district court declined to accept Shuman's testimony regarding the time spent by other Majestic personnel, finding that testimony to be hearsay. The district court determined the total costs incurred by Majestic for Shuman's services to be $12,114.

The district court also concluded that Stawski should be liable for a portion of the attorney's fees incurred by Majestic in defending the ATF investigation. Majestic had retained an attorney who was an expert in the field of alcohol regulation. The attorney billed Majestic for his time with respect to all five matters in which Majestic was implicated. He then reviewed his files and records in an attempt to discern specifically what portion of the bill could be attributed to the

3

Stawski matter. The district court reduced the amount of hours the attorney requested after Stawski challenged some travel time, thereafter awarding Majestic $18,728 in attorney's fees.

This appeal follows.

II.

We review the district court's damages award under a clearly erroneous standard. See Little Beaver Enter. v. Humphreys Rys., Inc., 719 F.2d 75, 79 (4th Cir. 1983).

Stawski first contends that the district court lacked an evidentiary basis for apportioning the $200,000 settlement with the ATF. Specifically, Stawski asserts that neither the ATF nor Majestic assigned any percentage of the $200,000 settlement to the five claims being negotiated.

We find no error in the district court's determination that Stawski should be liable for 46% of the settlement. Under Maryland law, compensatory damages "must be proved with reasonable certainty, and may not be based on speculation or conjecture." Asibem Assocs., Ltd. v. Rill, 286 A.2d 160, 162 (Md. 1972). Stawski's actions concerning the fraudulent signatures and stamps had exposed Majestic to an additional tax liability of $1,254,168.13. That amount was 46% of the total tax liability of $2,715,838.74. Consequently, we find the district court made an equitable, reasonable decision when it determined that Stawski was responsible for $92,000 based on Stawski's percentage of Majestic's total tax liability.

Stawski further contends that the district court erred in declining to assign a monetary amount to the Indian reservation claim. However, that claim exposed Majestic to criminal fines, not tax liability. This court concludes that the district court did not err in refusing to attribute any portion of the $200,000 tax settlement to that claim.

III. Attorney's Fees and Internal Costs

Stawski also asserts that the district court had no evidentiary basis for awarding Majestic business costs of $12,114 and attorney's fees of $18,728.

4

This court reviews the award of attorney's fees and costs for abuse of discretion. See Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998).

Maryland courts have long recognized the "collateral litigation" exception to the general rule that costs and expenses of litigation, other than ordinary court costs, are not recoverable in an action for damages. See Archway Motors, Inc. v. Herman, 394 A.2d 1228, 1231 (Md. Ct. Spec. App. 1978). The "collateral litigation" exception provides that a plaintiff can recover costs and attorney's fees when the wrongful acts of a defendant have involved the plaintiff in litigation with a third party. Id. Here, Stawski's fraudulent representations resulted in Majestic being liable to the ATF for an additional $1,254,168.13. Thus, the district court properly determined that Stawski should be held liable for a portion of the business costs and attorney's fees incurred by Majestic in defending the underlying actions.

A.

We find no error in the district court's determination of Majestic's costs. Company President Shuman testified as to Majestic's business costs and his role in the ATF investigation. He indicated that he was the coordinator of all requests for information. He was involved in meetings and phone calls. He fielded requests for information and assigned them to his staff, followed up on the information, and transmitted the responses to the ATF. Shuman estimated that he spent approximately 400 hours on the ATF investigation, attributing approximately half of the time to Stawski because half of the shipments in question were Stawski's.

The district court's determination that Shuman spent 200 hours of his time, at a value of $60.57 per hour, is reasonable based on Shuman's testimony. In addition, the district court properly refused to consider Shuman's testimony regarding the time spent by other Majestic employees on the Stawski matter as that testimony was hearsay. The court concludes that the district court's award of $12,114 for costs is not clearly erroneous.

5

B.

The district court properly awarded Majestic $18,728 in attorney's fees. In determining whether an award of attorney's fees is reasonable, Maryland courts look at the following factors:

> a. the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> b. the likelihood, if apparent to the client, that the acceptance of particular employment will preclude other employment by the lawyer;
>
> c. the fee customarily charged in the locality for similar legal services;
>
> d. the amount involved and the results obtained;
>
> e. the time limitations imposed by the client or by the circumstances;
>
> f. the nature and length of the professional relationship with the client;
>
> g. the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> h. whether the fee is fixed or contingent.

Maxima Corp. v. 6933 Arlington Dev. Ltd. P'ship, 641 A.2d 977, 982 (Md. Ct. Spec. App. 1994).

Contrary to Stawski's assertion, the district court had ample evidence to make a determination concerning the reasonableness of the attorney's fees sought by Majestic. Majestic submitted detailed statements concerning the services rendered by its counsel. In addition, Majestic's attorney testified that he relied upon files and meeting notes to determine a fair amount to apportion to Stawski.

6

Even with this evidence, the district court reduced the total amount of hours the attorney submitted. The district court did not accept into evidence the handwritten notes that the attorney used to refresh his recollection of the time he spent on the Stawski matter. Nor did the district court include the full amount of travel time requested by Majestic. Instead, the district court based its decision on the detailed statements concerning the attorney's services and the relevant testimony. This court concludes that the district court did not err in awarding Majestic $18,728 in attorney's fees.

IV.

Stawski next complains that the district court abused its discretion in imposing a $500 sanction subsequent to Majestic's Motion to Compel. Although Stawski now argues that it complied with the discovery request, the fact remains that Stawski neither responded to the Motion to Compel nor submitted objections to the documents requested.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the district court has broad discretion in determining the appropriate sanction for a party's noncompliance with a discovery request. Fed. R. Civ. P. 37. In light of the fact that Stawski neither responded to the motion nor objected to documents requested, we find no error.

The district court's judgment is hereby affirmed.

AFFIRMED

7